UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMI SCARBROUGH, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 2:18-CV-00738-KOB |
| VIRGINIA COLLEGE, LLC, ] | |
| ] | |
| Defendant. ] | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff Ami Scarbrough's motion to preserve evidence. (Doc. 23). Ms. Scarbrough has requested that the court order her prior employer, Defendant Virginia College, LLC, to preserve employment records and emails relevant to her claims of FMLA interference and retaliation out of concern for the corporation's current financial situation. (*Id.* at 5–6).

On November 14, 2018, six months after Ms. Scarbrough filed her complaint in this case, the U.S. District Court for the Middle District of Georgia appointed a receiver to manage and take control of all of Virginia College's property and stayed all actions against the receivership estate. (*See* Doc. 21-1). Virginia College then closed all of its campuses and executed mass layoffs. (Doc. 28 at 2). Ms. Scarbrough then filed her motion to preserve evidence "out of an abundance of caution to place Defendant on notice of its obligations and to

1

preserve information that very easily could be lost or destroyed in the event Defendant liquidates various assets that may contain the [] sought-after information." (Doc. 23 at ¶ 11).

Courts have the discretion to order a party to preserve evidence, "basing their authority in the 'inherent power to regulate litigation, preserve and protect the proceedings before [them], and sanction parties for abusive practices.'" *Hester v. Bayer Corp.*, 206 F.R.D. 683, 685 (M.D. Ala. 2001) (quoting *Capellupo v. FMC Corp.*, 126 F.R.D. 545, 551 (D. Minn. 1989)). But courts rarely find such orders necessary because several laws impose the same preservation duties that a court order would impose. When a plaintiff files a lawsuit, the Federal Rules of Civil Procedure automatically require the defendant to preserve all information that might be relevant to the litigation. *See Hester*, 206 F.R.D. at 685 (citing Fed. R. Civ. P. 26). The court may sanction a party that fails to satisfy its duty to preserve. *See* Fed. R. Civ. P. 37(b), (e). And though Alabama law does not recognize an independent cause of action for spoliation of evidence, a court may permit a jury to infer liability against a party that suppresses or destroys evidence. *Cole v. Owners Ins. Co.*, 326 F. Supp. 3d 1307, 1328 (N.D. Ala. 2018) (citing *Christian v. Kenneth Chandler Const. Co.*, 658 So. 2d 408, 413 (Ala. 1995)).

In addition, statutes and regulations might require a party to preserve specific items. For example, relevant to this case, the FMLA requires employers to

maintain several specific records of their employees.  29 U.S.C. § 2616(b); 29 C.F.R. § 825.500.  Though courts have not settled whether the violation of this duty by itself gives rise to a cause of action, courts consider recordkeeping failures as evidence for claims of interference with FMLA rights.  *See Gilliard v. Georgia Dep't of Corr.*, 2012 WL 12951863, at *39 (N.D. Ga. Mar. 2, 2012), *aff'd*, 500 F. App'x 860 (11th Cir. 2012).

And, as Ms. Scarbrough acknowledges, FLSA regulations require employers to maintain and preserve specific payroll and employment information records.  29 C.F.R. § 516.2.  If an employer fails to produce such records in response to an FLSA claim, the court may infer damages in an amount higher than the employment records would have supported.  *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1316 (11th Cir. 2007) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)).

So, several sources already require Virginia College to preserve the evidence Ms. Scarbrough identifies and threaten penalties for noncompliance.  In her own words, Ms. Scarbrough seeks a court order only to put Virginia College on notice of its existing duties, but she gives no compelling reason for why the court must supplement Virginia College's duties with an order to obey the law.  Indeed, "[t]o supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create

no more incentive upon the parties than already exists." *Hester*, 206 F.R.D. at 685.

So, the court **DENIES** Ms. Scarbrough's motion to preserve evidence. (Doc. 23).

**DONE** and **ORDERED** this 7th day of January, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE